GRAY v. ELLIOTT.

MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
In action by pedestrian for personal injuries inflicted by defendant's automobile at street crossing, questions of driver's negligence and plaintiff's contributory negligence were properly submitted to jury, where testimony was conflicting.

Error to Wayne; Hunt (Ormond F.), J. Submitted April 9, 1931. . (Docket No. 50, Calendar No. 35,355.) Decided June 1, 1931.

Case by Beatrice Gray against David Elliott for personal injuries received when struck by an automobile owned by defendant. Judgment for plaintiff. Defendant brings error. Affirmed.

*Martin & Williams,* for plaintiff.

*Stevens T. Mason* and *Edward A. Smith,* for defendant.

McDONALD, J. This action was brought to recover damages for personal injuries sustained by the plaintiff when struck by an automobile driven by Loraine Bertrand and owned by the defendant. The accident occurred at the intersection of Salem and Grand River avenues in the city of Detroit. On Grand River avenue there are two strips of concrete, each 40 feet wide, separated by a parkway on which are street car tracks. The north strip is for west-bound traffic and the south strip is for east-bound traffic. About 9:30 o'clock on a Sunday evening, the

plaintiff and her mother alighted from a street car at the intersection and proceeded across Grand River avenue toward the south curb. Before stepping off the curb into the street, she says they looked for approaching traffic and observed that the nearest automobile was about .450 feet away. They stepped into the street, and, when nearly two-thirds of the way over, saw the nearest car then 60 feet from them. It slowed down and they crossed about 20 feet ahead of it. They looked again and saw no traffic in that portion of the street which they still had to traverse before reaching the curb 10 feet away. At that time she says the car that injured them was in line behind the one which slowed up to allow them to pass; that it suddenly turned out to pass the car ahead of it and ran into them when they were about to step upon the curb. The plaintiff was very seriously injured and her mother was killed.

The negligence charged against the defendant is that the driver of his car, in violation of the statute, passed a car going in the same direction at a street intersection; that she passed on the right instead of on the left; and that she did not have the car under control. At the close of the proofs, the defendant moved for a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law. The motion was taken under advisement and the issue submitted to the jury. There was a verdict for the plaintiff in the sum of $14,500. Motions for a judgment *non obstante veredicto* and for a new trial were denied. The motion for a new trial was denied on condition that the plaintiff accept a reduction of $4,500 on the verdict. This was done, and judgment was entered thereon for $10,000. The defendant has brought error.

The only question involved is that of contributory negligence. The defendant thinks the trial court should have directed a verdict in his favor on the ground that the evidence showed plaintiff to have been guilty of contributory negligence as a matter of law. In his brief the question is stated as follows:

"The case at bar is very simple. It is just a question of whether plaintiff had a right to walk in front of a car going 30 miles an hour into the traffic which she could not see because her view was obstructed. If that is due care the judgment should be affirmed. If not, the judgment should be reversed."

The plaintiff and the driver of the defendant's car were not agreed as to how the accident happened. The driver, Miss Bertrand, testified that the plaintiff and her mother walked past the car that slowed down directly in the path of the one she was driving. The plaintiff testified that when they passed the car that slowed down, Miss Bertrand was in line behind that car; that there were no automobiles in that portion of the street between them and the curb; that there was no apparent danger and would have been no accident if Miss Bertrand had remained in line with the other automobiles instead of swinging out and attempting to pass on the wrong side. This conflicting testimony made the negligence of both parties a question for the jury. The trial court was right in submitting it.

The judgment is affirmed, with costs to the plaintiff.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.