GAYDEN v. ARABAIS.

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

On appeal from denial of motions for directed verdict and for judgment *non obstante veredicto,* the evidence must be considered in the light most favorable to plaintiff's right of recovery.

2. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE—EVI-
DENCE.

Plaintiff, a 29-year old pedestrian, was not guilty of contribu-
tory negligence as a matter of law where, after alighting from
streetcar and passing to rear thereof and while 22 feet from
north curb at a place where she had often crossed the street
when westbound cars were much closer than defendant's, then
about 115 feet away, she did not realize his car was coming
faster than at an ordinary speed until she was in a place of
danger, whereupon she hastened to north curb, about 10 feet
away, and was struck by left front fender and bumper of de-
fendant's car, which swerved to right instead of passing
behind her.

3. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR
JURY.

Whether or not pedestrian who had just alighted from an east-
bound streetcar and passed to the rear thereof acted as a care-
ful and prudent person would act under the same or similar
circumstances by trying to cross to north curb of street in
front of defendant's westbound automobile *held*, a question for
the jury.

4. TRIAL—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

Where testimony of respective parties is contradictory, the jury
may believe testimony of one witness more credible than the
testimony of all the other witnesses combined since it is for
the jury to determine the credibility of witnesses.

5. RELEASE—CONFLICTING EVIDENCE AS TO VALIDITY—QUESTION FOR
JURY.

In pedestrian's action for injuries sustained when struck by de-
fendant's automobile while crossing street after alighting from
streetcar, whether the sum given by adjuster for defendant's
insurer was in full settlement for injuries sustained and gen-
eral release given thereupon a valid one *held*, question of fact
for jury under conflicting testimony as to circumstances of
execution.

Appeal from Wayne; Chenot (James E.), J. Sub-
mitted January 2, 1940. (Docket No. 13, Calendar
No. 40,869.) Decided March 15, 1940.

Case by Dora Gayden against Steve Arabais for
damages for personal injuries sustained when
struck by a car while crossing a city street. Verdict

and judgment for plaintiff. Defendant appeals. Affirmed.

*Samuel L. Weller (Miles H. Knowles,* of counsel), for plaintiff.

*Vandeveer, Vandeveer & Haggerty,* for defendant.

CHANDLER, J.  On the morning of January 26, 1937, the plaintiff, a colored lady, 29 years of age, disembarked from the back door of a street car traveling east on Warren Avenue in the city of Detroit. Plaintiff walked around behind the street car, intending to cross to the north curb of the street. According to her testimony, she stopped as she crossed the north rail of the car track and looked to her right where she saw defendant's car approaching about 115 feet away.  Believing she had plenty of time to cross, she started toward the curb, a distance of some 22 feet from the north rail.  She watched defendant's car approach as she walked, and when she reached a point about 10 feet from the curb, realized that the car was coming towards her in excess of the ordinary rate of speed.  She walked faster but defendant's automobile swerved toward the curb and hit her with the left front fender and bumper. The testimony as to the speed of the car varies from 15 to 35 miles per hour.

Defendant claims that plaintiff ran from behind the street car when his car was only 20 feet away; that he applied his brakes immediately and turned the car to the right; and, that the car went only 3 or 4 feet after the impact.  Plaintiff was taken by defendant to a hospital where X-rays were taken of her right leg which proved to be broken.  The leg was placed in a cast and she was taken home.  She returned to the hospital on February 25, 1937, and was not discharged until June 28, 1937, having had the leg amputated in the interim.

On January 28, 1937, two days after the accident, an adjuster for the insurance company with which defendant was insured called on the plaintiff at her home. He gave her $75 and obtained her signature to a paper, which was in terms a general release.

Mr. Huhn, the adjuster, testified relative to the transaction that he had come merely to take a statement from plaintiff concerning the accident, and as he was leaving plaintiff asked about a settlement; that they agreed upon the sum of $75; that he filled out a general release form which she presumably read before signing; that plaintiff understood that $75 was all she would ever receive; and that the release was witnessed by two persons. Mr. Huhn gave plaintiff a draft for $75 which she kept for two days before cashing. The record also shows that plaintiff told two police officers that she had made a settlement for $75. Neither party called Ward Lott, a witness to the release, to the stand, although he was present in court under defendant's subpoena.

Plaintiff brought this action on October 19, 1937, for the injuries sustained. Defendant answered, alleging both contributory negligence on the part of plaintiff and the special defense of "release." The trial court refused to direct a verdict for defendant at the close of plaintiff's case, as well as after all the proofs were in. The case was submitted to the jury, although the court reserved judgment under the Empson act (3 Comp. Laws 1929, § 14531 [Stat. Ann. § 27.1461]). The jury rendered a verdict for plaintiff in the sum of $2,700, less the amount she had been paid. The trial court denied defendant's motion for judgment *non obstante veredicto* and defendant appeals.

The first question involved is whether defendant was entitled to a directed verdict or a judgment *non obstante veredicto* because of plaintiff's alleged con-

tributory negligence. On appeal, the evidence must be considered in the light most favorable to plaintiff's right of recovery. *Arnell* v. *Gordon*, 234 Mich. 140; *Walker* v. *McGraw*, 279 Mich. 97; *Burton* v. *Yellow & Checker Cab & Transfer Co.*, 283 Mich. 384.

Defendant contends that as a matter of law plaintiff was guilty of contributory negligence because she abandoned a place of safety and casually entered into a zone of obvious danger and deliberately walked into the path of a rapidly approaching automobile. But upon reviewing plaintiff's testimony in the most favorable light, we find that she saw the car approaching about 115 feet away and that she believed she had ample time because she had often crossed at the same place in safety when cars were much closer to her, and that not until she was in a place of danger did she realize that defendant's car was coming faster than at an ordinary speed. Whereupon, the curb being the closest place of safety, she hastened to reach it. Furthermore, she testified that instead of passing behind her where there was plenty of room, defendant's car swerved toward the curb and struck her. Under these circumstances we cannot say that she was guilty of contributory negligence as a matter of law.

Defendant attempts to differentiate the case of *Burton* v. *Yellow & Checker Cab & Transfer Co.*, 283 Mich. 384, from the instant case, but upon examination we discover that the facts are substantially the same in both cases and that the rule there applied is controlling in this case. In the *Burton Case*, we said:

"After making such observations as he did, if he reasonably believed he could cross the street in safety he had a right to proceed on his way, and whether or not he was negligent in so doing was clearly a question for the jury."

The trial court did not commit error in refusing to direct a verdict for defendant and in refusing to render a judgment *non obstante veredicto*. It was clearly a question of fact for the jury, under proper instructions from the court, as to whether or not plaintiff acted as a careful and prudent person would act under the same or similar circumstances.

The second question involved is: Was the paper signed by plaintiff a complete release of her claim as contended by defendant, or was it a receipt for payment on account as contended by plaintiff?

Again on this question, we must view the testimony in the light most favorable to plaintiff. She testified that on the evening the insurance adjuster called on her, which was not many hours after she had returned from the hospital, her leg was causing her much pain and suffering; that Mr. Huhn, the adjuster, asked her some questions about the accident and told her he had seen her doctor who informed him that she would be on her feet in five weeks time; and, that he, computing her expected earnings at $75 for this period, told her he would return after the five weeks period to bring her more money and make a settlement in full. Plaintiff told the adjuster she was not ready to settle because she did not know how badly she was injured. She was then asked to sign a document prepared by Huhn which he represented as a receipt which he had to present to his office to account for the money he had given her. The alleged release was not read to her, nor was a copy left with her, and when she signed the paper, Huhn was holding it on the arm of the chair. The paper was not spread out, but rather was folded over.

These facts were presented only in the testimony of plaintiff, herself, but a jury might readily accept the testimony of one witness as against that of

several others if they felt that the testimony of that witness was entitled to more weight and was more credible than the testimony of all the other witnesses combined. It is for the jury and not the court to determine the credibility of a witness. *Ricketts* v. *Froehlich*, 218 Mich. 459; *Wight* v. *H. G. Christman Co.*, 244 Mich. 208.

The case of *Porth* v. *Cadillac Motor Car Co.*, 198 Mich. 501, involves a similar situation, in which the plaintiff signed a paper believing it to be a receipt for part payment but which later turned out to be a release in full. In that case, also, the testimony was in sharp conflict as to the circumstances surrounding the execution of the document. The court held:

"In such case it is not for the court to pass upon the probability of his story or the credibility of the witnesses, for his testimony, taken as true and viewed in the aspect most favorable to his contention, raises issues of fact for a jury both as to whether he was fraudulently deceived into signing the paper in question and the terms of the contract then entered into."

See, also, *Barriger* v. *Ziegler*, 241 Mich. 83; *Hoban* v. *Ryder*, 257 Mich. 188.

Defendant attempts to show that plaintiff's testimony was contradicted and impeached by other witnesses, but this again is strictly a jury question. If the jury believed the testimony of plaintiff, no valid release was entered into. Her testimony was sufficient to raise an issue of fact. The trial court was not in error in refusing to direct a verdict or in denying a motion for judgment *non obstante veredicto*.

Judgment affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.