## LANG v. GINSTE.

1. Appeal and Error—Nonjury Case—Finding of Fact—Evidence. The Supreme Court does not reverse a finding of fact by a trial court sitting without a jury unless the evidence clearly preponderates in the opposite direction.

2. Automobiles—Pedestrians—Contributory Negligence—Street Crossing—Change of Traffic Light. Pedestrian who started to cross street, 72 feet wide between curbs and with streetcar tracks in center separating motor-traffic lanes, while traffic light was green, who had proceeded in front of 3 lanes of standing traffic at his left when light was about to change and hastened to reach streetcar tracks where he was hit by defendants' taxicab which had swerved to left of car from in front of which plaintiff had last been, was not guilty of contributory negligence as a matter of law, since he did what an ordinarily prudent pedestrian would try to do under the circumstances by trying to reach a place of safety.

Appeal from Wayne; Weideman (Carl M.), J. Submitted January 16, 1952. (Docket No. 70, Calendar No. 45,345.) Decided April 7, 1952. Rehearing denied May 16, 1952.

Case by Steve Lang against Paul J. Ginste and Theodore Anastas for damages suffered when he was struck by defendants' taxicab. Judgment for plaintiff. Defendants appeal. Affirmed.

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error § 896 et seq.
[2] 5 Am Jur, Automobiles §§ 452, 705.
[2] Duty of pedestrian crossing street or highway as regards looking for automobiles. 79 ALR 1073.
Contributory negligence of pedestrian at street crossing as affected by statute or ordinance. 96 ALR 786.

*Cozadd, Shangle, Cherry & Schmidt,* for plaintiff.

*Edward N. Barnard,* for defendants.

BOYLES, J.   Plaintiff sued the defendants to recover damages resulting from being struck while crossing Grand River avenue in Detroit by a taxicab owned by defendant Ginste, operated by defendant Anastas.   On trial heard by the circuit judge without a jury the plaintiff had judgment and the defendants appeal.   The only question raised here is whether the court erred in finding as a matter of fact that the plaintiff was not guilty of contributory negligence.   Under the circumstances, we do not reverse unless the evidence clearly preponderates in the opposite direction.

Plaintiff was walking northeasterly across Grand River avenue at Larchmont avenue about 9:30 p.m., June 10, 1947, when hit by the taxicab.   At that point Grand River is 72 feet wide with streetcar tracks both ways in the center, and room on each side of the tracks for 3 or 4 lines of 1-way traffic.   The intersection is protected by traffic lights.   The plaintiff started to go across Grand River from Larchmont on the northerly crosswalk with the traffic light green in his favor.   Three automobiles on his left had stopped at the intersection in obedience to the red light against them.   The 3 automobiles occupied the space between the curb and the tracks.   Plaintiff passed in front of the first 2 standing cars and as he came to the front of the third car standing next to the streetcar tracks the traffic light changed from green to amber.   He looked to his left and saw the taxicab approaching about 3 car lengths back of the third car, nearest the tracks.   He hastened his steps to get onto the streetcar tracks but when the taxicab was about 1½ car lengths behind the third standing automobile it swung more to its left, onto the street-

car track, passed the automobile from the front of which the plaintiff had moved onto the track, and struck the plaintiff. It came onto the crosswalk without stopping.

The driver of the taxicab testified that he had been driving down Grand River about 15 blocks, approached the intersection at about 15 miles per hour straddling the west rail of the streetcar track, saw the standing cars and the traffic light red, knew when he was 5 or 6 car lengths from the crosswalk that the light was about to change to green, continued at the same speed, swerved left and tried to pass on its left the third car standing nearest the tracks, by traveling on the streetcar track. He saw the plaintiff crossing on the crosswalk, too late to stop without hitting him.

The plaintiff did what an ordinarily prudent pedestrian would try to do under the circumstances. When the traffic light changed from amber to green he did not remain in front of the third standing car, which would soon have the green light to start ahead. He went from there to a place of apparent safety, onto the streetcar tracks. He had no reason to anticipate that the defendants' taxicab would try to pass the standing third car on its left by going onto the track. The driver of the taxicab admitted to a police officer that he was "playing the light," knowing it was about to change to green.

The trial court found as a matter of fact that the plaintiff was not guilty of contributory negligence. The evidence does not clearly preponderate in the opposite direction. Plaintiff had the right to do what a prudent pedestrian would be expected to do, complete his crossing the standing traffic in order to reach the tracks and a place of safety. See *Smarinsky* v. *Markowitz*, 265 Mich 412; *Guina* v. *Harrod*, 275 Mich 393; *Moore* v. *Noorthoek*, 280 Mich 431;

*Werker* v. *McGrain,* 315 Mich 287; *Heiman* v. *Kolle,* 317 Mich 548.

Affirmed.    Costs to appellee.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, SHARPE, and REID, JJ., concurred.