ASHLEY *v.* KILBORN.

1. WITNESSES—INCONSISTENT STATEMENTS.
   A jury may believe either one of inconsistent statements made by a witness.

2. APPEAL AND ERROR—MOTION FOR DIRECTED VERDICT.
   Review of order denying defendants' motion for a directed verdict is made upon the testimony as it stood when the motion was made.

3. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
   Pedestrian plaintiff has burden of proving his freedom from contributory negligence in action against taxicab owner and operator.

REFERENCES FOR POINTS IN HEADNOTES
[3] 5 Am Jur, Automobiles § 614.
[4, 5] 5 Am Jur, Automobiles §§ 451, 452, 705.
[4, 5] Duty of pedestrian crossing street or highway as regards looking for automobiles. 79 ALR 1073.
Liability for injury to pedestrian who suddenly darts or steps into path of automobile. 65 ALR 192.
Contributory negligence of pedestrian at street crossing as affected by statute or ordinance. 96 ALR 786.

4. Same—Pedestrians—Contributory Negligence—Intersections —Traffic Light.
Pedestrian who observed traffic light in his favor while at curb at a busy street intersection and proceeded some 15 feet into street before making further observation as to oncoming traffic from left was guilty of contributory negligence as a matter of law.

5. Same—Pedestrians—Observation of Traffic—Crossing Street.
A pedestrian must not only make proper observations before crossing a street, observe approaching traffic and form a judgment as to its distance away and speed, but must continue his observation while crossing the street and exercise such a degree of care and caution as an ordinarily careful and prudent person would under like circumstances, since a pedestrian cannot enter the intersection of busy streets and carelessly fail to continue attention to traffic conditions.

6. Appeal and Error—Questions Reviewable—Instructions—Contributory Negligence as a Matter of Law.
Errors in the charge of a court in action by pedestrian against a motorist are not discussed, where evidence shows plaintiff was guilty of contributory negligence as a matter of law.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted March 6, 1952. (Docket No. 100, Calendar No. 45,212.) Decided April 8, 1952.

Case by Sam Ashley against Bert Kilborn and another for injuries sustained when he was struck by defendants' taxicab. Verdict and judgment for plaintiff. Defendants appeal. Reversed without new trial.

*Samuel Barr* and *Alexander, Cholette, Buchanan, Perkins & Conklin,* for plaintiff.

*Edward N. Barnard,* for defendants.

Butzel, J. On August 18, 1947, at about 1:20 p.m., Sam Ashley, plaintiff, was struck by a taxicab owned by Bert Kilborn and driven by John Ray Johnson,

defendants. Plaintiff was on the way to the Ford factory where he worked. He was injured while attempting to cross Michigan avenue from the northwest to the southwest corner of its intersection with Griswold street in Detroit, Michigan. Michigan avenue runs approximately east and west, Griswold runs north and south. The intersection is one of the busiest in downtown Detroit. There are double streetcar tracks on Michigan avenue, and near the southwest intersection with Griswold street, there is a marked area where Ford workers can catch streetcars that will take them to their work. Plaintiff worked on the 3:30 p.m. shift and had arrived at the northwest corner of Michigan avenue and Griswold street. He testified as follows:

"*Q*. All right. You say that light was green?

"*A*. Green. I observed that light before I started across the street.

"*Q*. What color was it before you started across?

"*A*. Green. Before I started to cross, I made observation for other traffic conditions. I looked both ways before I stepped off the curb,—the light was green. I looked east and west. That was about 1:20 in the afternoon. That is the time of the accident.

"I looked towards the east. I seen some cars standing on car track, on the Griswold car track. That is Michigan and Griswold. Right in the intersection; wasn't any traffic whatever moving at that time. Then I started across to the middle ways, about 15 feet. About 13 feet into the street, from the curb. And just as I got 15 feet to the curb, the next time that I looked, and after again I looked and the cab was right on me, I ran back west, by the time I got out of the way the cab hit me.

"*Q*. From the time that you left the curb on the north side of Michigan, did you see the light across on the southwest corner?

"*A.* I didn't pay any attention to one light, when I go across the street I pay attention to the light that I am going across on.

"*Q.* All right. Did you watch that light, more than once?

"*A.* Sure, I just looked at the light as I was going across the street.

"*Q.* Did that signal change from the green at any time, while you were crossing?

"*A.* No, sir. Not as I knows of.

"*Q.* All right, were you watching it?

"*A.* Not all the time, after I seen the green, I kept walking, I didn't pay any attention to it any more.

"*Q.* All right, you say you saw the cab and you ran west?

"*A.* West.

"*Q.* Caught up with you?

"*A.* Yes, sir.

"*Q.* What happened when it caught up with you?

"*A.* Hit me and knocked me I reckon seemed to be about 15 feet."

He also testified that the northerly curb of Michigan avenue is about 25 feet distant from the most northerly streetcar track. The cross-examination and other testimony on behalf of plaintiff prior to the time he rested brought out no further facts in regard to what happened just prior to the accident.

When plaintiff rested after making out his prima facie case, defendants moved for a directed verdict in their favor on the ground that plaintiff by his own testimony showed he was not free from contributory negligence and therefore could not recover. The trial court reserved decision under the Empson act,[*] and defendants presented a complete defense both as to their own freedom from negligence and plaintiff's contributory negligence. In rebuttal, plaintiff called a witness who testified that plaintiff

_____

[*] CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 27.1461 *et seq.*).—Reporter.

had the light in his favor when he crossed Michigan avenue, but when the witness was confronted with a written statement to the contrary effect, he testified that but a few days before he went on the witness stand, he was shown the statement at his own request and he then stated it was true, although on the witness stand he repudiated a large part of it. The jury held in plaintiff's favor, the trial judge denying motions for directed verdict, a judgment for defendants *non obstante veredicto* and for a new trial. Defendants appeal.

Inasmuch as a jury may believe either 1 of the inconsistent statements of a witness, we rest our decision on the testimony as it stood when plaintiff first made out his prima facie case. Defendants allege that such testimony indicates that plaintiff was contributorily negligent as a matter of law. Plaintiff had the burden of proving his freedom from contributory negligence. This he did not do. He testified that he went into the street a distance of 13 or 15 feet before he looked for traffic from the east. He must have known that he was crossing a very busy intersection, that traffic lights change at frequent short intervals, but he further testified that upon leaving the curb, he paid no further attention to the traffic light.

A pedestrian must not only make proper observations before crossing a street, observe approaching traffic and form a judgment as to its distance away and speed, but must continue his observation while crossing the street and exercise such a degree of care and caution as an ordinarily careful and prudent person would under like circumstances. *Malone* v. *Vining*, 313 Mich 315. The factual circumstances in the numerous automobile accident cases that have come to this Court differ in various respects, but there are many that have sufficiently similar or analogous facts so that the decisions therein and the

principles set down therein are a guide in the instant case. Plaintiff, at the first motion by defendants for a directed verdict, had shown that he was guilty of contributory negligence as a matter of law. After leaving the curb, he failed to look to the east until he was struck, and he did not look ahead to see whether or not the light had turned to red. One cannot enter the intersection of busy streets and carelessly fail to continue attention to traffic conditions.

*Halzle* v. *Hargreaves,* 233 Mich 234, presented a similar situation. Plaintiff had made proper observations upon leaving the curb, and saw no automobile for a block of unobstructed view. She then traveled 13 feet into the middle of the street without further observation, then saw an automobile bearing down upon her when it was too late. She admitted that she might have avoided the accident if she had looked and seen the approaching car. The Court said, at page 237:

"Vigilance is an essential and available safeguard to life and limb in this automobile age and reasonable care requires constant exercise of the faculty of sight while crossing a city street. Under plaintiff's testimony she was negligent and the circuit judge was right in so holding. *Jones* v. *Armstrong,* 231 Mich 637, and cases there cited. We recognize the rule that it must be a clear case of want of ordinary care to justify the court in holding there was negligence as a matter of law, but when the facts are beyond dispute the law must be applied. Counsel for plaintiff asked leave to argue the question of plaintiff's negligence to the jury and contends there was error in not permitting him to do so. The question was one of law upon the conceded facts and there was no error in the refusal."

In *Boyd* v. *Maruski,* 321 Mich 71, a case involving an accident at an intersection with the protection of changing lights, we reviewed other cases reaffirming

the duty of a pedestrian to continue to observe traffic conditions even when starting with the protection of a green light, and said on page 77:

"Since the traffic signal had turned red against the traffic on Wyoming avenue before plaintiff left the bus, in the exercise of ordinary care she was bound to anticipate that the light might change before she could complete crossing Wyoming avenue. But regardless of whether the light did change while plaintiff was in the act of crossing Wyoming avenue, nonetheless even with the traffic light in her favor, she was bound to use such care as an ordinarily careful and prudent person would use in looking for approaching traffic. Under her own testimony plaintiff failed to make such observation, and in that respect she was guilty of negligence which was a proximate cause of her accident."

Reaffirming the duty of the pedestrian to use a proper degree of care, see the more recent case of *Cioffari* v. *Blanchard,* 330 Mich 518.

In accordance with our holdings, defendants' motion for a directed verdict should have been granted when first made, and it becomes unnecessary to discuss alleged errors in the charge of the trial court.

The judgment for plaintiff is reversed without a new trial. Costs to defendants.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.