REYNOLDS *v.* GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK.

1. APPEAL AND ERROR—MOTIONS FOR DIRECTED VERDICT AND FOR JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

   The evidence must be construed in the light most favorable to plaintiff on defendant's appeal from denial of its motions for directed verdict and for judgment notwithstanding the verdict.

2. INSURANCE — EXPLOSION — PROXIMATE CAUSE — EVIDENCE — SLIP JOINT ON HOT WATER PIPE.

   Evidence presented in insured's action under insurance policy to recover for loss alleged to be due to explosion *held,* not to have shown that improperly made slip joint on hot water pipe at washbowl in the bathroom had become separated due to explosion.

3. TRIAL—VERDICT—EVIDENCE—CONJECTURE.

   A jury's verdict may not rest on sheer conjecture and guess.

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted April 10, 1952. (Docket No. 52, Calendar No. 45,427.) Decided June 2, 1952.

Action by Winston R. Reynolds and wife against Great American Insurance Company of New York on policy of insurance. Verdict and judgment for

---

* Continued from Volume 333.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 947.
[2] 22 Am Jur, Explosions and Explosives § 2.
[3] 20 Am Jur, Evidence § 1178.

plaintiff.   Defendant   appeals.   Reversed without
new trial.

*V. O. Braun* and *Kenneth B. Kelly,* for plaintiffs.

*Norman L. Des Jardins,* for defendant.

Dethmers, J.   Plaintiffs owned household furnish-
ings located in their home and insured by defendant
against loss by explosion.   During midwinter they
left their home unoccupied for 9 days.   It was locked
up and no one had access to it except a caretaker
engaged to look after the furnace, who had access to
the basement only.   He was not called as a witness
at trial, nor was his whereabouts then known.   When
plaintiffs returned they found carpeting, furniture,
and walls wet, plaster and wallpaper loosened, paint
on woodwork chipped, water, steam and vapor on the
windows, and evidence that water had come down
through the ceiling and along the walls.   In the
bathroom the washbowl, which was attached to the
wall by wood screws, was somewhat loosened and
ajar about three eighths of an inch; a faucet on the
bowl had become disconnected from the hot water
pipe and it was evident that water had sprayed out
from the latter.
   The disconnection of the pipe from the faucet had
occurred at a slip joint.   This was not a threaded
joint, nor had the pipe been screwed onto the faucet
but merely slipped into it and held in place by pres-
sure from packing and a packing nut around the
pipe.   The pipe had been inserted only one half to
three fourths of an inch, while in good plumbing
practice it is customary to insert it about 2 inches.
The pipe, as inserted in the slip joint, could have
been pulled out by exerting pressure on it and a
gradual separation could have resulted from con-
stant exertion of internal pressure, which would not

necessarily be an explosion. It would also have been possible for an explosive separation to occur if there had been internal pressure of steam or expanding hot water.

The hot water pipe ran to an electrically heated, 52-gallon hot water tank, which was controlled by a thermostat set at 150 degrees. Thermostats can get out of order and thus permit steam to be created, but there was no proof that this had occurred. The thermostat apparently was working all right. There was no evidence that the bowl was any looser on the wall or more ajar when plaintiffs returned to their home than it had been at the time of their departure. There is not one shred of affirmative proof to show what caused the pipe to separate from the faucet at the slip joint. Plaintiffs not only failed to prove internal pressure or explosion but even to produce any evidence from which the same could reasonably have been inferred. The most that can be said for their case, construing the evidence, as we must, in the light most favorable to them, is that the pipe was disconnected at the slip joint, that it could have been caused by an explosion from the internal pressure of steam or water expansion, had these factors existed as they might have had the thermostat failed to function, and that it was not shown that the separation was caused in some other way, thus leaving it within the realm of possibility that it was caused by explosion. This, apparently, was the reasoning employed by the jury in arriving at its verdict for plaintiffs. As such, the verdict rests on sheer conjecture and guess.

For utter lack of proof of explosion or showing of any facts from which an explosion could reasonably have been inferred, the court should have granted defendant's motions for a directed verdict and judgment *non obstante veredicto.* See *Williams* v. *Detroit Fire & Marine Insurance Co.,* 280 Mich. 215,

and *A. J. Brown & Son., Inc.,* v. *City of Grand Rapids,* 265 Mich 465.

Judgment for plaintiffs entered upon jury verdict, from which defendant appeals, is reversed without new trial, and with costs to defendant.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.