McKENZIE *v.* STERNICKI.

1. AUTOMOBILES—PEDESTRIANS—OBSERVATION—CONTRIBUTORY NEG-
LIGENCE AS MATTER OF LAW.

A pedestrian owes a duty to maintain a reasonable and proper
lookout for his own safety when crossing a street used by motor
vehicles and his failure to do so constitutes contributory neg-
ligence as a matter of law.

2. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE AS MATTER OF
LAW.

Southbound pedestrian who crossed in front of 3 lanes of west-
bound traffic, stopped some 100 feet east of traffic light as re-
quired by walk to 47–1/2-foot barricaded safety zone for street-
car passengers, and who twice observed westbound defendant
motorist while 40 and 20 feet east of end of safety zone was
guilty of contributory negligence as a matter of law in failing
to continue to observe defendant whom he knew would have
to alter his course to avoid the safety zone and who could
legally continue westward south of the zone on the streetcar
tracks and was struck by defendant's car while on such tracks.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted October 13, 1953. (Docket No. 62, Calen-
dar No. 45,392.) Decided December 29, 1953. Re-
hearing denied February 18, 1954.

Case by Henry McKenzie against Frank Sternicki
for injuries sustained when he was hit by defendant's
automobile. Verdict for plaintiff. Judgment for
defendant *non obstante veredicto*. Plaintiff appeals.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur, Automobiles §§ 451, 452, 705, 706.
[1, 2] Duty and liability to person struck by automobile while
crossing street at unusual place or diagonally, 14 ALR 1176;
67 ALR 313.

*Charfoos, Gussin, Weinstein & Kroll,* for plaintiff.

*Brown, Jamieson, Erickson, Dyll & Marentay*
(*Henry C. Odbert,* of counsel), for defendant.

Dethmers, C. J.     Suit was for damages caused by
being struck by defendant's automobile when plain-
tiff undertook to walk across a street.     He appeals
from judgment *non obstante veredicto* for defendant.
Plaintiff stood on the north curb about 80 feet east
from an intersection.     Immediately south of him were
3 lanes for westbound vehicular traffic; beyond those
3 lanes, and slightly to his left, was a safety zone for
streetcar passengers; beyond it were car tracks over
which 1 lane, immediately south of the safety zone,
was available for westbound traffic, and then lanes
for eastbound traffic.     The safety zone was a raised
platform, 3 feet wide and protected by posts, with
an open end toward the west, from which it extended
east for 47-1/2 feet to a closed end, which came to a
point at a standard.     The most northerly rail of
the car tracks was about 2 feet south of the south
side of the safety zone.     Lines were marked on the
pavement, extending from the north curb where
plaintiff stood to the most northerly rail, to designate
a walk from the curb to the open end of the safety
zone.     Traffic signs directed westbound motorists
in the 3 lanes north of the safety zone to stop just
east of the mentioned walk, leading from the curb
to the safety zone, when the light at the intersection
was against them; but it appears that westbound
motorists in the lane south of the safety zone were
not required to stop for such traffic light until reach-
ing the crosswalk at the intersection, approximately
100 feet farther west.
When the traffic light turned against westbound
traffic plaintiff stepped off the curb and proceeded
south, over what was designated as the walk, to the

west end of the safety zone. In so doing he passed in front of 3 lanes of standing automobiles to his left and reached a point just north of the north line of the safety zone extended, at which time he saw defendant's automobile approaching from his left, at a rate of speed of 20 to 25 miles per hour at best, at a point 35 to 40 feet beyond the east end of the safety zone (about 90 feet to plaintiff's left) and about 3 feet north of the most northerly rail, headed directly toward the closed end of the safety zone. Plaintiff advanced until he was about in line with the south side of the safety zone and 5 feet west from its open end when he made a second observation of defendant's automobile, which was then from 15 to 20 feet east of the safety zone (about 70 feet to plaintiff's left), traveling at approximately the same rate of speed and a little farther north from the rail than before. Plaintiff thought or assumed that it was going to turn to its right and proceed along the north side of the safety zone, behind the standing automobiles. He made no further timely observation to the left. Although there were no lines on the pavement to designate a crosswalk south of the most northerly rail, plaintiff nonetheless walked on, with the intention of crossing the street. From the point of his second observation of defendant's automobile he advanced 3 or 4 steps, crossed the most northerly rail, heard screeching automobile brakes, and saw defendant's automobile, which had turned to its left and proceeded along the south side of the safety zone, too close for plaintiff to avoid it. He started to step back and was struck by defendant's right front fender. The point of impact was just south of the most northerly rail.

The trial court found plaintiff guilty of contributory negligence as a matter of law for failure to maintain a reasonable and proper lookout to his left to observe defendant's approaching automobile from

the time it was 70 feet distant until too late for plaintiff to avoid the accident. In *Levine* v. *Schonborn,* 336 Mich 312, plaintiff was crossing a street at an intersection. We held her guilty of contributory negligence as a matter of law for failure to have observed the defendant's automobile at any time after it had completed a turn and while it was approaching from her right for a distance of from 48 to 50 feet. The rule followed in that case, applicable here and generally, is that plaintiff owes a duty to maintain a reasonable and proper lookout for his own safety and that failure to do so constitutes contributory negligence as a matter of law.

Plaintiff seeks to avoid the implication of that rule here by reliance on the so-called "swerve" cases, in which defendants' vehicles suddenly changed their courses in a manner that plaintiffs could not reasonably have been expected, and we held them not bound, to anticipate. Examples are *Gray* v. *Elliott,* 254 Mich 275; *Gayden* v. *Arabais,* 292 Mich 651; *Staunton* v. *City of Detroit,* 329 Mich 516; *Phillips* v. *Marten,.* 331 Mich 330; *Lang* v. *Ginste,* 333 Mich 108. In *Staunton, Phillips* and *Lang* the facts were such that we held the plaintiffs had no reason, and were not bound, to anticipate that defendants would suddenly swerve out of the line of traffic in which they had been traveling; in *Phillips* and *Gayden* we mentioned that plaintiffs had formed reasonable judgments that they could proceed in safety; and in *Gray* the defendant's automobile suddenly shot out from behind the car it had been following and passed on the wrong side. Distinguishable is the instant case in which plaintiff testified that he knew, when he saw defendant's automobile the second time, that it would necessarily have to alter its course to avoid striking the closed end of the safety zone. The mere fact that defendant's automobile was then somewhat farther to the north of the car tracks than when plaintiff had

first observed it, and that it was centered slightly to the right rather than to the left of the center of the safety zone, did not warrant plaintiff's assuming, as he says he did, that it would turn to the right, north of the safety zone, rather than to the left, as it actually did; and in relying entirely on that assumption and paying no further attention to it he did not act as an ordinary, reasonable and prudent person would have done under like circumstances. Plaintiff not only knew that defendant must necessarily turn one way or the other, but also that he had a legal right to go either way, and that there would be nothing unusual about his going the way he did. It cannot be said of plaintiff, as in the cited cases, that he had no reason, and was not bound, to anticipate that defendant's car would swerve; it did not, as in *Gray,* pass when and where it should not have. Plaintiff's judgment, if he formed one after his second observation, that he could from that time on ignore defendant's automobile and safely proceed from his place of safety at the open end of the safety zone to a place of danger on the car tracks beyond it was not, as in *Phillips* and *Gayden,* a reasonable opinion or judgment. Plaintiff was, in consequence, guilty of contributory negligence as a matter of law.

Affirmed, with costs to defendant.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.