LETCHER *v.* ROBINSON.

1. NEGLIGENCE—PEDESTRIAN'S DUTY OF OBSERVATION BEFORE AND
   WHILE CROSSING STREET.

   A pedestrian, before crossing a street, must (1) make proper
   observation as to approaching traffic, (2) observe approaching
   traffic and form a judgment as to its distance away and its
   speed, (3) continue his observations while crossing the street,
   and (4) exercise that degree of care and caution which an
   ordinarily careful and prudent person would exercise under
   like circumstances.

2. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—NIGHT-
   TIME—ESCAPED CATTLE.

   Plaintiff farmer, a pedestrian on an east-and-west 20-foot pave-
   ment at about 9 p.m. late in May, *held,* guilty of contributory
   negligence as a matter of law, in failing to continue his
   observation of defendant motorist whose lights he had shortly
   theretofore observed some 500 to 600 feet to the east while
   plaintiff, walking westward, approached cattle which had
   broken out of pasture and while he circled partially across
   road so as to prevent the cattle from crossing the road and
   with his back to the east, the direction from which danger
   could be foreseen.

3. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

   Plaintiff farmer's claim that evidence established he was in
   south lane of 20-foot east-and-west pavement when hit by de-
   fendant's westbound car at about 9 p.m. late in May, *held,*
   not supported by the record which contained his own and
   other testimony as to point of impact and testimony as to
   skid marks of defendant's car; hence, question of contributory
   negligence was properly determined in defendant's favor as
   a matter of law.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles § 447.
[2] 5 Am Jur, Automobiles § 451.
[3] 5 Am Jur, Automobiles § 658.

Appeal from Berrien; McDonald (Archie D.), J., presiding. Submitted June 15, 1954. (Docket No. 52, Calendar No. 46,144.) Decided September 8, 1954.

Case by Alois Letcher against Norman J. Robinson for injuries sustained when struck by defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Burns, Hadsell & Mollison* (*Philip A. Hadsell, Jr.,* of counsel), for plaintiff.

*Seymour, Seymour & Hughes,* for defendant.

BUTZEL, C. J. Plaintiff Alois Letcher sued defendant Norman J. Robinson to recover damages because of injuries and loss of earnings that resulted from being struck by defendant's automobile on Portage road in Berrien county. The lower court in granting defendant's motion for a directed verdict of no cause of action at the close of plaintiff's case, ruled as a matter of law that plaintiff was guilty of contributory negligence. Plaintiff has appealed, asserting as error the granting of the motion for a directed verdict and a subsequent denial of a motion for a new trial.

Plaintiff resides on a farm situated on the north side of Portage road, an east-west 2-lane highway having a paved portion 20 feet in width. On May 30, 1951, at approximately 8:50 p.m. plaintiff was informed by one Homer Knapp that plaintiff's cows had broken out of the pasture. Plaintiff immediately left his house and ran in a westerly direction from his home about 100 feet down the north shoulder of the highway where he located the cows. Four cows had broken out, 3 of which remained in the grass near plaintiff's fence on the north side of

the highway. The fourth cow was within 2 feet of
the north edge of the paved portion of the high-
way and "acted as though she was going to step
into the highway and cross." Knapp preceded plain-
tiff by about 100 or 150 feet in the westerly direction
and, since it was dark at the time, by shining a flash-
light on the cows and on the road, succeeded in
halting an eastbound automobile. Plaintiff looked
east, observed the lights of a westbound vehicle, and
estimated the distance of the approaching vehicle as
500 to 600 feet from the point at which he stood.
Plaintiff then stepped onto the north edge of the
highway and began walking in a semicircle in order
to drive the cow standing near the north edge of the
pavement back from the highway.

During direct examination plaintiff testified as
follows:

"*Q.* How far across the road did you go in this
semicircle?

"*A.* Just a little past the center of the highway,
just a little, not quite two-thirds, just a trifle over
past the center, enough so my head, and that was—

"*The Court:* You were going south?

"*A.* Yes.

"*Q.* After you got to the center of the road, what
direction were you going?

"*A.* Just kept making that circle toward the cow.

"*Q.* Which direction were you going when you
last remember?

"*A.* I was going southwest. I just remember
crossing half of the highway and that is all I can
remember."

On redirect examination plaintiff further stated:

"*Q.* How far back across the center of the line
were you when you last remember anything?

"*A.* As far as I can remember I just made a turn
and after I made the turn I can't remember—I
couldn't say how many steps from the center of the

line I went north, I couldn't say because I remember making the turn and that is all."

Plaintiff's witness Knapp testified:

"*Q.* Now, you said you saw Mr. Letcher go across here, and now did you see him get hit?

"*A.* Yes, that is what I seen. I seen him get hit. I hollered, 'Look out' less than a second before.

"*Q.* Did you see him go from north to south?

"*A.* No.

"*Q.* Did you see him go from the center of the road?

"*A.* Starting back, yes, I see him when I hollered 'Look out' and about that time the car hit him."

Plaintiff's son, Russell Letcher, testified concerning the skid marks which he observed on the highway as follows:

"*Q.* What did you measure?

"*A.* The skid marks, all 4 skid marks.

"*Q.* Where were they, where did they show the car—what did they show the path of the car to be?

"*A.* Showed the path of the car to be about the center of the road and as they skidded they skidded to the side of the road.

"*Q.* Which direction?

"*A.* That would be to the north."

Plaintiff's son estimated the speed of defendant's automobile prior to striking plaintiff at 50 miles per hour.

Assuming for the purposes of this appeal that the defendant was negligent, the issue before us is whether the trial judge properly ruled that the plaintiff was guilty of contributory negligence as a matter of law. In so ruling the trial judge cited *Malone* v. *Vining,* 313 Mich 315, wherein this Court stated:

"Under present-day traffic conditions a pedestrian, before crossing a street or highway, must (1) make proper observation as to approaching traffic, (2) ob-

serve approaching traffic and form a judgment as to its distance away and speed, (3) continue his observations while crossing the street or highway, and (4) exercise that degree of care and caution which an ordinarily careful and prudent person would exercise under like circumstances."

See, also, *Ludwick* v. *Hendricks*, 335 Mich 633; *Ashley* v. *Kilborn*, 333 Mich 283.

Construing the evidence in the light most favorable to the plaintiff at the time the motion for the directed verdict was made, only one conclusion is possible: that plaintiff failed to make proper observations while walking the semicircular route over the lane upon which he was aware that the defendant's vehicle was approaching. Rather than continuing to make observations in the direction of known and approaching danger, plaintiff, in effect, turned his back on the direction from which danger could be foreseen.

Plaintiff on appeal asserts that the evidence established that he was struck on the south lane of the highway and that he was therefore in a position of apparent safety. Plaintiff claims, therefore, that under the Michigan cases the question of contributory negligence was for the jury. *Lang* v. *Ginste*, 333 Mich 108; *Hoffman* v. *Stickney*, 338 Mich 478; *Campbell* v. *Brown*, 276 Mich 449; *Rowland* v. *Brown*, 237 Mich 570. We may not indulge in the assumption of plaintiff as to the point of impact, since such is not supported by the record. Plaintiff's own testimony established that at best he was at one time a trifle over the center line; that he remembered making a turn and starting back into the north lane. Witness Knapp testified that he saw plaintiff starting back from the center line going to the north. The testimony in regard to the skid marks does not establish the point of impact as in the south lane. The skid marks showed the path of the defendant's car

to be about in the center of the highway. In comparison with the cases cited by plaintiff, we note that in this case plaintiff was not crossing into or seeking a place of apparent safety from the realized danger but in contradistinction was, in disregard of his earlier observation and personal safety, walking a route on the highway which would, in effect, keep him at all times in the path of foreseeable danger without making further and continuing observations in that direction.

The action of the trial court in granting defendant's motion for a directed verdict is affirmed, with costs to the appellee.

CARR, BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.