PERSAIL v. MOSELEY.

1. EVIDENCE—DEPOSITIONS—CONTRADICTIONS.
   Plaintiff pedestrian was not bound by portions of deposition of
   defendant truck driver, now in the armed services, read into
   evidence by plaintiff, insofar as contradicted by plaintiff in
   the portions helpful to defendants or harmful to plaintiff.

2. AUTOMOBILES—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY—DE-
   FENDANT'S OPPORTUNITY TO SEE PLAINTIFF PEDESTRIAN.
   Jury's finding of fact that defendant truck driver was guilty
   of negligence in running down plaintiff pedestrian was not
   against the great weight of evidence, where the testimony,
   sharply in conflict, presented a question of fact as to where
   plaintiff came from preceding the accident and as to whether
   defendant had an opportunity to see plaintiff before the point
   of impact.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   Testimony must be viewed in the light most favorable to plain-
   tiff in determining whether or not he was guilty of contribu-
   tory negligence as a matter of law.

4. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE AS A
   MATTER OF LAW—CROSSING STREET.
   Plaintiff pedestrian was not guilty of contributory negligence
   as a matter of law where he stood on the east curb of a north
   and south, 52-foot, 6-lane street some 200 feet south of an
   intersection at which southbound traffic had been stopped by
   a traffic light, observed such stopped traffic and while con-
   tinuing his observation thereof crossed into third lane from
   west side before light turned, and had reached a place in the
   second lane from the west curb somewhat south of a double-

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Depositions § 113.
[2] 5 Am Jur, Automobiles § 674 et seq.
[3] 38 Am Jur, Negligence § 348.
[4] 5 Am Jur, Automobiles § 446 et seq.

parked truck when struck by defendants' southbound truck after it had cleared the parked truck and was returning into the second lane.

Appeal from Wayne; Toms (Robert M.), J. Submitted June 7, 1955. (Docket No. 5, Calendar No. 46,415.) Decided October 3, 1955.

Case by Henry Persail against Reuben H. Moseley, doing business as Style-Rite Cleaners, and Herman Burch for damages for personal injuries sustained when struck by truck. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Zwerdling, Zwerdling, Keith & Livingston (John W. Keith,* of counsel), for plaintiff.

*Silverston & Kabatsky,* for defendants.

DETHMERS, J. Defendants appeal from judgment for plaintiff, entered on jury verdict, for damages resulting from injuries sustained when he, as a pedestrian, was struck by a truck owned by defendant Moseley and driven by defendant Burch.

At trial Burch was not available as a witness because he was in the armed service. His deposition, theretofore taken, was read into evidence by plaintiff. Defendants say plaintiff is bound by it, citing *Chicago College of Osteopathy* v. *Littlejohn,* 234 Mich 528. Such portions as were helpful to defendants or harmful to plaintiff were contradicted by him, leaving him in those respects not bound by it. *Hall* v. *Horak,* 329 Mich 16.

Defendants say that Burch was free from negligence which was a proximate cause of the accident. Plaintiff testified that just before he was struck he had crossed more than half of the 6-lane street in question, directly in Burch's range of vision. Burch

admitted that he would have been able to see plaintiff while so crossing and could have stopped before the point of impact, but he testified that plaintiff had not crossed the street but, on the contrary, had come from the opposite direction and darted out from behind a parked truck so that he, Burch, did not see plaintiff until the instant before the collision when "he just happened out of nowhere." A question of fact was presented as to where plaintiff had come from, whether Burch could have seen him in time to avoid the accident, and whether his failure to do so constituted negligence which was a proximate cause of the accident. A finding of fact in the affirmative by the jury is not against the great weight of the evidence.

Was plaintiff guilty of contributory negligence as a matter of law? In determining this question, we view the testimony in the light most favorable to plaintiff (*Reynolds* v. *Great American Insurance Co.,* 334 Mich 1) and so viewed, the facts, despite our skepticism, must be assumed to be as follows: Plaintiff stood on the east curb of a north and south, 52-foot, 6-lane street, preparatory to crossing to his automobile, parked at the west curb. An ice truck had double parked along the left side of his car, headed south, in the second lane from the west curb. There was an intersection approximately 200 feet to the north of him and beyond it automobiles, including defendant's truck, headed south, were standing still in obedience to a red traffic light. Seeing that there were no cars coming from the south, plaintiff concluded that he could cross in safety and set out to do so. As he proceeded he continued to observe the automobiles standing north of the intersection. When he reached a point at or just west of the center of the street and in the third lane from the west curb the traffic light changed from red to green. At that moment plaintiff needed to cross only a portion of

the third lane from the west curb in order to reach the double-parked truck, toward the center of which he was then advancing. At that same instant defendant's truck, some 250 feet distant, started up fast, coming down the lane directly behind the double-parked truck. Plaintiff continued to observe defendant's approaching truck, which, when 2 or 3 car lengths behind the double-parked truck, undertook to pass it by swinging into the third lane from the west curb. Meanwhile, plaintiff had decided to get in front of the double-parked truck and attempted to do so. Defendant's truck cleared the left side of the double-parked truck by about 3 feet and had started to turn to its right to get back into the second lane from the west curb when its right front fender struck plaintiff, who was then 2 feet east from the left-front fender of the double-parked truck.

Not in point is *McKenzie* v. *Sternicki,* 338 Mich 487, in which the plaintiff stepped from a place of safety into a place of peril without looking for approaching traffic. Here, the plaintiff proceeded with due care past the center of the street and into the third lane from the west curb under protection of the traffic light. The change of the light from red to green transformed the place where he then was from one of safety to one of danger in the path of approaching traffic. At that instant plaintiff had the choice of retreating to a point east of the third lane or advancing to a point west of it to get out of what he might well have foreseen would ultimately be the path of defendant's approaching truck if it undertook to pass the double-parked truck. Which of these 2 courses an ordinary, reasonable and prudent person would have pursued as a pedestrian under like circumstances presented a question of fact for the jury. We cannot say that the choice plaintiff made in that respect and his acting thereon were so clearly negligent that he should be held

guilty of contributory negligence as a matter of law. Defendants cite *Niewiadomski* v. *City of Detroit,* 342 Mich 133. In that case we simply affirmed a jury holding of contributory negligence as a matter of fact, under circumstances in which the plaintiff, relying on an assumption of safety afforded by a traffic light, proceeded from a place of safety into one of danger, either without looking or in heedless disregard of obvious danger. Such were not the facts here. Equally unapplicable under the facts at bar are the many cases cited by defendants in which plaintiffs were held guilty of contributory negligence as a matter of law because they failed to look at all or to see what was there plainly to be seen, or proceeded heedlessly from a position of safety to one of peril.

Affirmed, with costs to plaintiff.

CARR, C. J., and SMITH, SHARPE, REID, and KELLY, JJ., concurred with DETHMERS, J.

BUTZEL and BOYLES, JJ., concurred in the result.