MARCHLEWICZ v. MORRISETTE.

1. AUTOMOBILES—PEDESTRIANS—PRESUMPTIONS—EYEWITNESSES.
    Deceased pedestrian who was killed by defendant's driver while crossing street will not be presumed to have been in the exercise of due care, where there were eyewitnesses to the accident.

2. NEGLIGENCE—DEATH—PRESUMPTIONS—EYEWITNESSES.
    The presumption of due care on the part of one now deceased will not be applied, where there were eyewitnesses to the accident resulting in the fatal injuries.

3. AUTOMOBILES—PEDESTRIANS—LAST CLEAR CHANCE DOCTRINE—CONCURRENT NEGLIGENCE.
    The last clear chance doctrine will not be imposed where the contributory negligence of plaintiff's decedent, a pedestrian, was concurrent to that of defendant's driver.

Appeal from Bay; Liebrand (Karl K.), J. Submitted October 4, 1951. (Docket No. 37, Calendar No. 45,218.) Decided January 7, 1952.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur, Automobiles § 606.
[2] 38 Am Jur, Negligence § 293.
    Comment Note.—Direct evidence as to what took place at time of accident as displacing presumption arising from instinct of self-preservation that one was acting with concern for own safety. 116 ALR 340.
[3] 5 Am Jur, Automobiles § 491; 38 Am Jur, Negligence § 218.

Case by Alice Marchlewicz, administratrix of the estate of Joseph Marchlewicz, deceased, against Laurence Morrisette for damages arising out of death of decedent. Judgment for defendant. Plaintiff appeals. Affirmed.

*Hand & Hand* (*Ira W. Butterfield,* of counsel), for plaintiff.

*Heilman & Purcell,* for defendant.

Dethmers, J. Plaintiff sues for damages for the injury and death of her decedent, resulting from his collision with a motor vehicle then owned by and being driven with the knowledge and consent of defendant. The case was tried by the court without a jury. From judgment of no cause for action plaintiff appeals.

Plaintiff's decedent was walking north on a sidewalk on the east side of a street which entered and ended at an intersecting east and west street known as Columbus avenue, on which defendant's automobile was being driven east. Defendant's automobile had stopped for a traffic light about 150 feet west from the mentioned sidewalk. When the light changed to green the automobile started up, proceeding east toward decedent. The latter was then walking north across the sidewalk on the south side of Columbus avenue. He continued across that sidewalk, stepped off the south curb and proceeded in a northwesterly direction across the pavement of Columbus avenue. Defendant's automobile, in the meanwhile, continued going east at a rate of speed of from 20 to 25 miles per hour. There was no other traffic nor was the vision of either in any way obstructed or impaired. The record discloses some slight difference of opinion as to how light it was at the time, but it is undisputed that the lights were

lighted on defendant's automobile. Defendant's driver admitted that he did not see decedent until he was about 15 or 20 feet in front of him, whereupon the driver swerved to his left in an effort to avoid decedent, but the right-front fender struck him. There is no proof that decedent ever looked to the west, saw the approach of defendant's automobile or did anything to avoid the collision. An eyewitness standing on the north side of Columbus avenue at the time testified for plaintiff that he saw the decedent walking, step off the curb onto the pavement and begin to cross the same in a northwesterly direction headed directly toward the witness and that he was struck by defendant's automobile when he was out into the street about 7 feet north of the south curb. Defendant's driver testified substantially to the same effect as to so much as he saw.

Plaintiff relies on the presumption of due care on decedent's part. This overlooks the testimony as to what was seen by at least 1 of the 2 eyewitnesses. The claim of benefit of that presumption, under facts more favorable to plaintiff in that regard, was disposed of adverse to plaintiff's position in *Schillinger* v. *Wyman,* 331 Mich 160. For reasoning applicable here see our opinion in that case. Plaintiff contends, however, that, without the benefit of the presumption, the facts in the case indicate decedent's due care. Our views as to the error of that position may be gathered from a reading of our opinion in the case of *Conant* v. *Bosworth, ante,* 51, in which the opinion of this Court was this day handed down, and the cases therein cited and considered.

Next, plaintiff urges that, conceding decedent's negligence, defendant is liable under the last clear chance doctrine. This is also effectively answered in our opinion in *Conant* v. *Bosworth, supra.*

The trial court was correct in holding that plaintiff failed to establish decedent's freedom from contrib-

utory negligence and that the last clear chance doctrine has no application to the facts at bar. Accordingly, judgment for defendant is affirmed, with costs to defendant.

NORTH, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. BUTZEL, J., did not sit.