DENMAN *v.* YOUNGBLOOD.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

Testimony is to be construed in a light most favorable to plaintiff on appeal from an order granting defendant's motion for directed verdict.

2. AUTOMOBILES — NEGLIGENCE — EVIDENCE — SPEED — INTERSECTIONS—TRAFFIC CONDITIONS.

Whether or not defendant motorist was guilty of negligence was a question of fact for determination by the jury, where there is evidence that he was driving too fast to permit him to have his car under such control as traffic conditions required in proximity to school and school playground, even though he may not have been exceeding the lawful speed limit, and that he failed to exercise due care in failing to slacken the speed of his car at such distance from the intersection where plaintiff minor, 8 years and 10 months of age, was crossing the 35-foot-wide street as would have permitted him to avoid striking her.

3. NEGLIGENCE—CHILDREN—STANDARD OF CARE.

A child who is 8 years and 10 months of age may not be held to exercise for her own safety the same care with which an adult would be charged under like circumstances but is required to exercise such care as the ordinary child of the same age, experience, judgment and physical and mental development, may reasonably be expected to observe under such circumstances.

4. SAME—CHILDREN—KNOWN DANGERS.

The fact that a child may not be held to the same standard of

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 886.
[2] 5 Am Jur, Automobiles §§ 205, 287.
[2] Duty of motor vehicle driver approaching place where children are playing or gathered. 30 ALR2d 5.
[3, 4] 38 Am Jur, Negligence § 204.
[3, 4] Contributory negligence of children. 107 ALR 7; 174 ALR 1080.
[5] 5 Am Jur, Automobiles § 470.

care as an adult does not excuse him from exercising the judgment and discretion which he possesses or from heedlessly rushing into dangers which are known and understood by him.

5. Automobiles — Pedestrians — Intersections — Minors — Contributory Negligence as Matter of Law.

Child who was 8 years and 10 months of age, in the 4th grade at school, at time when she was struck by southbound motorist while passing easterly about midway across 35-foot street on north side of intersection *held,* guilty of contributory negligence as a matter of law, where the testimony shows that either she made only 1 observation in defendant's direction when she started to cross the street and thereafter failed to make further observations or, if she watched his car approach, she failed to avoid a peril which was obvious to her, since in either event she failed to exercise the requisite degree of care for her own safety.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 10, 1953. (Docket No. 52, Calendar No. 45,864.) Decided October 5, 1953.

Case by Joseph C. Denman, guardian of Jo Ellen Denman, a minor, against Claude W. Youngblood for damages suffered when she was struck by defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Fred Roland Allaben,* for defendant.

Carr, J. This action was brought by the guardian of Jo Ellen Denman, a minor, to recover damages for personal injuries sustained by such minor when struck by defendant's automobile. For the sake of clarity, Jo Ellen will be referred to herein as the plaintiff. The accident occurred October 9, 1951, about 4:45 p.m. Plaintiff, who was at the time 8 years and 10 months of age, attempted to walk across Buchanan street in the city of Grand Rapids, on the

north crosswalk of Brown street, in an easterly, or southeasterly, direction. At the time she was struck she was in close proximity to the center line of Buchanan, a paved street approximately 35 feet in width from curb to curb. The testimony in the case indicates that Brown street was 27 feet wide. As a result of the impact plaintiff sustained severe injuries which, however, yielded to surgical treatment.

The case was tried before a jury. At the conclusion of plaintiff's proofs defendant moved for a directed verdict, claiming that his negligence had not been established, and that plaintiff was guilty of negligence contributing to the accident, as a matter of law. The motion was granted, the trial judge concluding that both of the reasons urged were well-founded. Plaintiff has appealed, insisting that the issues as to her negligence and that of the defendant should have been submitted to the jury for determination.

In considering the situation presented by the record it must be borne in mind that the testimony is to be construed in a light most favorable to plaintiff. *Dasovich* v. *Longacre,* 324 Mich 62. We think that the testimony relating to the manner in which defendant operated his automobile at the time in question presented factual issues which, if resolved in favor of the plaintiff, might well result in a finding of negligence. The proofs indicated that defendant was driving 25 miles per hour, and that skid marks on the pavement began approximately 12 feet north of the crosswalk that plaintiff was traversing across Buchanan and extended for a total distance of about 34 feet. If plaintiff was walking across the street at the rate and in the manner claimed by her, defendant, had he been keeping a proper outlook for traffic and particularly for pedestrians, could scarcely have failed to see her in time to avoid an accident, or perhaps could have prevented injury to plaintiff by

turning slightly to his right. The testimony of the plaintiff and of her father suggests that at the time she started to cross the street, at which time she must have been visible to defendant had he looked, the latter was approximately 100 feet to the north. The skid marks, above referred to, indicated that the left wheels of defendant's automobile were within a foot of the center line of the street.

There is also testimony in the case indicating normally heavy traffic at the intersection, which was in close proximity to a school and a school playground. Notwithstanding the absence of proof that defendant was exceeding the lawful speed limit, it was still a question of fact as to whether he was under the circumstances driving at too great a speed to permit him to have his car under such control as traffic conditions required. Whether he exercised due care in failing to slacken the speed of his car at such distance to the north of plaintiff as would have permitted him to avoid striking her was, likewise, an issue of fact. *Zylstra* v. *Graham,* 244 Mich 319, 324; *Watrous* v. *Conor,* 266 Mich 397, 400; *Clark* v. *Naufel,* 328 Mich 249; *Vandenberg* v. *Prosek,* 335 Mich 382.

Assuming negligence on the part of the defendant, was plaintiff guilty of contributory negligence as a matter of law, barring her right to the relief sought? As before stated, plaintiff, at the time of the accident, was 8 years and 10 months of age. She was in the 4th grade at school. The record justifies the conclusion that she was at least a normal child, both physically and mentally, that she was familiar with the intersection of Brown and Buchanan streets, and that she fully realized the danger of crossing a public highway without keeping an outlook for automobiles that might be approaching. According to her testimony, she had been warned by her parents and also

by her teachers with reference to her duty to exercise care under such circumstances.

Plaintiff testified that as she came up to the curb line on the northwest corner of the intersection her view to the north was obstructed by an automobile parked a few feet to her left. She claimed that because of such obstruction she stepped into the street far enough to be able to look around the automobile. She saw defendant's car approaching at a point which she located with reference to a certain residence on the west side of Buchanan. Her father, testifying in her behalf, stated that he had measured from the crosswalk to the location of the car when observed by Jo Ellen, and found the distance to be 100 feet. The making of the observation in the manner stated by her indicates rather conclusively that she had in mind the necessity of avoiding passing traffic. However, she claimed that she thought that she could cross the street in safety and proceeded on her way at a rate of speed that she described as "quite fast" and also "not too fast."

Whether plaintiff made any observation as to the approach of the automobile after the initial one to which she testified does not clearly appear from her testimony. Twice she stated in answer to questions of counsel that she did not remember whether she saw the car after her first observation. On cross-examination she was asked whether she kept looking at the car as it was coming towards her, to which she replied affirmatively. She claimed also that it was her conclusion at the time that the car was not coming "too fast."

While plaintiff could not be held to exercise for her own safety the duty as to care with which an adult would have been charged under like circumstances, nevertheless she was required to exercise such care as the ordinary child of her age, experience, judgment, and physical and mental development,

may reasonably be expected to observe under such circumstances. In *Mollica* v. *Michigan Central Railroad Co.*, 170 Mich 96, 101, 102 (LRA 1917F, 118), it was said:

"In the case of a child of the age of deceased, the law is well-settled in this State that he is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age and capacity; and the want of that degree of care is negligence. The fact that he may not have as mature judgment as an adult will not excuse him from exercising the judgment and discretion which he possesses, or from heedlessly rushing into known dangers. Where the dangers are known and understood by him, the rule of contributory negligence is fully applicable.

"In this case, therefore, deceased is chargeable with a degree of care proportionate to his age and capacity. It is undisputed that he was 9 years and 6 months old, of average size, possessed of all his faculties, very bright and intelligent; that he crossed these tracks 4 times each day when attending school, was familiar with the rush of moving trains, and knew that many passed daily. He knew and understood the danger and consequences of standing upon a railroad track when a train was passing over it as fully as the oldest and most experienced person; and he knew equally well that such danger could be easily avoided by keeping off of, or stepping aside from, the railway track. The boy's father testified that he had cautioned him to be careful and not get hurt by the cars; that he was bright, and stood high in his studies; that he understood the danger of being on the track when a train approached, and 'would have got off the track, sure,' had he seen the train in time. He had that capacity to understand, and the ability to perform, on which duty is predicated. It is manifest that he appreciated the danger when he at last, but unfortunately too late, noticed the train coming towards him; for he hurriedly attempted to jump to one side and avoid it. He had an unobstructed view,

from where he stood, down the track for a quarter of a mile; and the train was in sight when he went upon the track and took his stand there. A glance in that direction, occupying but an instant, as he approached the danger zone where he stopped, would have informed him and saved his life; if seasonably discovered, he would have apprehended and avoided this danger as intelligently and quickly as any adult."

Among other decisions recognizing the rule as to the degree of care to which a young child may be held, and the further proposition that failure to exercise such care is contributory negligence as a matter of law, are *Franks* v. *Woodward,* 258 Mich 447; *Ackerman* v. *Advance Petroleum Transport, Inc.,* 304 Mich 96; and *Conrad* v. *Krause,* 325 Mich 175.

If plaintiff made no further observation of defendant's car after she first saw it approaching 100 feet away and proceeding in a southerly direction, the conclusion cannot be avoided that she was not exercising for her own safety the degree of care that under the circumstances she should have observed. In view of her intelligence, experience and knowledge of traffic hazards, she should have realized the necessity for making further observations to the end that she might avoid being struck by the automobile. On the other hand, if, as she stated on her cross-examination, she watched defendant's car as it approached her, she could scarcely have failed to realize her peril if she continued her course without increasing the rate at which she was walking. It seems evident that she might have avoided being struck and injured, if she was aware of the proximity of the car, by simply walking at a faster rate, or perhaps running, for 2 or 3 steps. The testimony of plaintiff as to where she was when struck, together with the proof as to the location of the skid marks left by defendant's car, clearly indicates that it was the left front fender, or left headlight, of the automobile that

came in contact with her person. Under the proofs, construed as strongly as possible in plaintiff's favor, the conclusion cannot be avoided that she was guilty of contributory negligence as a matter of law because of her failure to exercise the requisite degree of care for her own safety.

The judgment entered on the directed verdict is affirmed. Defendant may have costs.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.