## HEGER v. MEISSNER.

1. AUTOMOBILES—PEDESTRIANS—CONTINUANCE OF OBSERVATION OF APPROACHING CARS—CONTRIBUTORY NEGLIGENCE.

Northbound pedestrian, somewhat crippled with arthritis, who saw defendant's westbound car some 266 feet away upon reaching center of 50-foot street at night in midwinter was guilty of contributory negligence as a matter of law in continuing to hobble northerly over street covered with loose dirt and gravel without making further observation in the direction of the approaching car before being hit some 5 or 6 feet from north curb.

2. SAME—PEDESTRIAN—OBSERVATION OF APPROACHING TRAFFIC.

A pedestrian who discovers a car approaching him while he is crossing the street has a duty to keep watch of its progress and to exercise reasonable care and caution to avoid being struck by it.

3. NEGLIGENCE—SUBSEQUENT NEGLIGENCE.

Plaintiff's negligence must have put him in a place of danger, must have ceased to operate as the proximate cause of the accident, defendant must have, or should have, discovered plaintiff's peril and have had sufficient time and ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand, and failed or omitted to use such care and diligence to avert the threatened injury in order to apply the doctrine of subsequent negligence.

4. AUTOMOBILES—SUBSEQUENT NEGLIGENCE—PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

Westbound motorist who struck northbound pedestrian some 5 or 6 feet from north curb as latter, who had been somewhat crippled from arthritis, had continued to hobble on from center

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur, Automobiles § 451.
[3] 38 Am Jur, Negligence § 217.
[4] 5 Am Jur, Automobiles § 491.

of street where he had seen defendant some 266 feet away, was not guilty of subsequent negligence as plaintiff's contributory negligence had not ceased to operate as a proximate cause of the accident.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 17, 1954. (Docket No. 7, Calendar No. 46,129.) Decided October 4, 1954.

Case by Gottlieb Heger against Arthur Meissner for injuries sustained when struck by defendant's automobile. Judgment for defendant at conclusion of plaintiff's proofs. Plaintiff appeals. Affirmed.

*Larivee, Cross & O'Callaghan,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Richard A. Harvey,* of counsel), for defendant.

BUSHNELL, J. In this case, tried without a jury, plaintiff Gottlieb Heger sought recovery for his medical and hospital expenses, loss of earnings and the pain and suffering he sustained as a result of being struck by an automobile driven by defendant Arthur Meissner on January 28, 1953.

Heger was then employed as a night watchman by construction contractors who were erecting a building on the north side of East Warren avenue between Radnor and Canyon streets. The construction company had floodlights installed in the area which illuminated the street to a greater extent than would have been accomplished by ordinary street lighting. After eating his evening meal at a place some 2 blocks east of the project, Heger walked on the south side of Warren to a point opposite the gate of the construction area, where he turned, looked both ways and observed 2 cars coming from the west. He waited until they had passed, then looked east and, seeing nothing, began to cross the pavement, which

is 50 feet in width. When Heger was about at the center line of Warren, he observed 2 cars traveling south on Canyon and a third car traveling west on Warren, which Heger said must have "slacked up" to let the cars pass on Canyon. He stated that he could see all the way to the intersection of Mack and Warren, which is 2-1/2 blocks to the east. When Heger was almost past the center of the street, defendant's car was then approximately 266 feet away traveling in the westbound lane adjacent to the center of Warren. As the result of a prior arthritic condition, Heger's hip had been operated upon in 1948 and a pin placed therein. This affected his walking and necessitated the use of a cane. He could not run and "hobbled across" from the center line toward the north curb and was struck at a point 5 or 6 feet therefrom by the right front of defendant's car.

On cross-examination, Heger testified as follows:

"*Q.* Mr. Heger, I believe you testified that you saw the car somewhere near Canyon, is that right?

"*A.* The other side of Canyon.

"*Q.* And you kept walking and got hit, is that right?

"*A.* That is what I say. I saw the car, and then I started to walk across.

"*Q.* And you kept walking straight ahead, is that right?

"*A.* Yes, sir.

"*Q.* And you got hit?

"*A.* Yes.

"*Q.* You never saw the car again, did you?

"*A.* No. * * *

"*Q.* So that from the time you saw the car up by Canyon until the time you got hit you never saw the car again, did you?

"*A.* Well, I saw the car at the other side of Canyon.

"*Q.* Yes. And then you kept walking, didn't you?

"*A.* I was cautious to make it, yes.

"*Q.* And you never saw the car again until you got hit?

"*A.* No, sir."

A police officer who took Heger's statement at the time of the accident testified that Heger told him that he saw one car pass but did not see the car that hit him until it was directly in front of him. At the point of impact the street was covered with loose dirt and gravel which had dropped from trucks working in the construction area. Defendant Meissner, who was cross-examined under the statute (CL 1948, § 617.66 [Stat Ann § 27.915]), said that he did not see Heger until he was approximately 50 feet away. Meissner told the police officer that he applied his brakes and skidded about 25 feet on the loose gravel.

The trial judge held that Heger was guilty of contributory negligence as a matter of law.

In considering the testimony in the light most favorable to plaintiff and the uncontradicted testimony on cross-examination, which is supported by the testimony of the police officer, it clearly appears that Heger failed to make further observation in the direction of the approaching vehicle after proceeding into the lane of foreseeable danger. We are therefore obliged to follow the law as stated in *Ludwick* v. *Hendricks,* 335 Mich 633, 638, that:

"Having discovered the oncoming vehicle, it is the pedestrian's duty to keep watch of its progress and to exercise reasonable care and caution to avoid being struck by it."

See, also, *Malone* v. *Vining,* 313 Mich 315; *Levine* v. *Schonborn,* 336 Mich 312; and *Denman* v. *Youngblood,* 337 Mich 383.

In addition to the claimed error on the part of the trial court as to contributory negligence, plaintiff claims the applicability of the doctrine of subse-

quent negligence. In *Davidson* v. *City of Detroit*, 307 Mich 420, the elements of that doctrine are set forth as follows (p 430):

"In order to apply the doctrine of subsequent negligence  *  *  * plaintiff's negligence must have put her in a position of danger, must have ceased to operate as the proximate cause of the accident, the defendant must have discovered plaintiff's peril or should by the exercise of ordinary care and diligence have discovered plaintiff's peril, the defendant must have had sufficient time and ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand, and failed or omitted to use such care and diligence to avert the threatened injury."

The trial court correctly held that plaintiff's negligence had not ceased to operate and was, therefore, a proximate cause of the accident.

We are required, under the facts and the authorities herein cited, to hold that plaintiff was guilty of contributory negligence as a matter of law. The judgment is affirmed, with costs to defendant.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.