## ERICKSON v. VENDZAH.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   The testimony must be construed as strongly as possible in plaintiff's favor on appeal from order granting defendant's motion for directed verdict.

2. AUTOMOBILES—PEDESTRIANS—CROSSING STREETS.
   A pedestrian in undertaking to cross a street or highway must exercise for his own safety a degree of care commensurate with the perils to which he may reasonably expect to be exposed and make reasonable observations as to approaching traffic before placing himself in a position of danger therefrom by observing the distance of approaching vehicles and their speed.

3. NEGLIGENCE—PEDESTRIANS—CROSSING STREETS.
   The duty rests upon a pedestrian, crossing a street, to exercise and continue to exercise, for his own safety the care and caution that an ordinarily careful and prudent person would exercise under like circumstances.

4. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
   Each case of claimed contributory negligence as a matter of law on the part of a pedestrian who is injured by an automobile while crossing a street or highway must be determined with reference to the particular facts involved.

5. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   A pedestrian who is injured by an automobile while crossing a street must establish his own freedom from contributory negligence by showing he was in the exercise of reasonable care for his own safety in view of the facts and circumstances existing at the time of the accident and immediately prior thereto.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 945.
[2, 3] 5 Am Jur, Automobiles § 450.
[4, 6] 5 Am Jur, Automobiles § 705.
[5] 5 Am Jur, Automobiles § 614.

6. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—EVIDENCE—OBSERVATION.

> Plaintiff pedestrian was properly held guilty of contributory negligence as a matter of law where he observed defendant's automobile over 400 feet to the north as he stood at well-lighted southwest corner of intersection at 10 p.m. in midwinter and then proceeded easterly 28 feet across four 10-foot southbound lanes of highway without looking again toward traffic that he knew was approaching, where even a casual observation would have disclosed the peril of entering the third lane of traffic which he had observed contained the nearest southbound car.

Appeal from Oakland; Doty (Frank L.), J.  Submitted June 9, 1954.  (Docket Nos. 21, 22, Calendar Nos. 46,120, 46,121.)  Decided October 4, 1954.

Case by Robert Erickson against William Vendzah for injuries sustained when, as pedestrian, he was struck by defendant's automobile.  Case by Floy Erickson against William Vendzah for damages arising from same accident. Cases consolidated for trial and appeal.  Directed verdict for defendant.  Plaintiffs appeal.  Affirmed.

*Harry J. Lippman* (*Benedict Segesta,* of counsel), for plaintiffs.

*Willans, Frisbee & Ryal,* for defendant.

CARR, J.  These cases have resulted from a traffic accident occurring on Woodward avenue in the city of Berkley shortly before 10 o'clock in the evening of February 17, 1951. Plaintiff Robert Erickson was at the time undertaking to cross Woodward from west to east.  Defendant was driving his automobile in a southerly direction in the third lane for southbound traffic.  When near the east line of said lane Erickson was struck by defendant's car, sustaining the injuries for which he seeks to recover damages.

The other plaintiff, his wife, brought suit to recover for loss of support and maintenance, and for loss of services and society of her husband. The declarations filed alleged negligence on the part of the defendant in the operation of his automobile, and that such negligence was the proximate cause of the injuries sustained by Robert Erickson, who is, for reasons of convenience, herein referred to as the plaintiff.

The cases were tried together before a jury. At the conclusion of plaintiffs' proofs counsel for defendant moved for a directed verdict, which motion was granted, the trial judge expressing the opinion in his statement to the jury that plaintiff was guilty of contributory negligence as a matter of law. Subsequent motions for new trials were denied and plaintiffs have appealed, claiming that the trial court was in error in directing verdicts and entering judgments thereon.

In determining the question at issue the testimony must be construed as strongly as possible in plaintiffs' favor. There is, however, no material dispute as to the facts. The plaintiff testified that immediately prior to the accident he came up to the intersection of Woodward avenue and Edgewood street, which extends in a westerly direction from Woodward. The latter thoroughfare embraced 4 lanes of pavement, each approximately 10 feet in width, for southbound traffic, and a like number of lanes for northbound traffic, separated immediately south of Edgewood by a so-called island approximately 28 feet in width. A like situation existed on the north side of Edgewood, there being a 70-foot space between said islands. Edgewood was approximately 50 feet in width. At the time of the accident a street lamp was located on Edgewood some 65 feet west of the Woodward avenue pavement, said lamp being on a 40-foot pole. It lighted up the intersection in

question so as to establish visibility for a distance of approximately 400 feet in each direction.

Testifying on direct examination on the trial plaintiff described the situation existing at the place where the accident happened and in proximity thereto. He claimed that he stopped at the west edge of the pavement on Woodward, south of Edgewood, before undertaking to cross, and looked to the north for the purpose of observing any traffic that might be approaching. He then proceeded on his way and, while walking east, looked to the south and also toward the east. On again looking to the north he discovered an automobile approaching him at an estimated distance of 75 to 100 feet away. He was at the time nearly across the third lane, in which the car was coming, but claimed that he was unable to avoid being hit. Apparently he was struck by the left front of defendant's vehicle.

Plaintiff further stated that as he walked across the pavement he was proceeding at a rate of about 4 miles an hour, and that he had gone approximately 28 feet when he discovered defendant's automobile in proximity to him. He claimed that he was able to see to the north for a distance of 400 feet, and that there was nothing in that distance to obstruct his view. Before he started to cross he noted the lights on approaching automobiles beyond the 400-foot space. His testimony indicates that he formed no opinion as to the speed of the nearest automobile approaching him from the north, in the third lane of traffic, nor did he attempt to do so. When he observed the car immediately before it struck him he thought that the rate of speed was approximately 55 miles an hour. It may be noted in this connection that the posted maximum speed on Woodward at the place where the accident happened was 45 miles per hour, but plaintiff on the occasion in question was not aware of such fact.

On his cross-examination plaintiff in substance repeated his statements as to the physical conditions existing at the time and place in question, and as to his observations, including the fact that before undertaking to cross Woodward he had noted that cars were approaching from the north. The following excerpt from his testimony is significant because of its bearing on the question of contributory negligence:

"*Q.* How far was the closest car you saw?

"*A.* I wouldn't say how far it was, but I would say it was over 400 feet away.

"*Q.* It was over 400 feet away?

"*A.* Yes.

"*Q.* And was there just 1 car or more than 1?

"*A.* More than 1.

"*Q.* It is a 4-lane highway?

"*A.* It is a 4-lane highway.

"*Q.* Were those cars you saw 400 feet or more away all in 1 lane?

"*A.* They were not.

"*Q.* They were—the lights of those cars were abreast?

"*A.* They were not abreast, they were behind 1 car.

"*Q.* They were behind 1 car?

"*A.* Yes, they were behind in different lanes.

"*Q.* Did you make any observation in which lane was the car, the closest one, at that time?

"*A.* The one closest to me at that time was in about the second lane.

"*Q.* From the west side or from the east side?

"*A.* Facing north that would be from the east side of the island.

"*Q.* From the east side of the island?

"*A.* Yes.

"*Q.* That is the third lane over from you?

"*A.* That's right."

This Court has repeatedly held that a pedestrian in undertaking to cross a street or highway must exercise for his own safety a degree of care commensurate with the perils to which he may reasonably expect to be exposed. It is his duty to make reasonable observations as to approaching traffic before placing himself in a position of danger therefrom, and to observe the distance of approaching vehicles and their speed. The duty rests on the pedestrian to exercise, and to continue to exercise, for his own safety, the care and caution that an ordinarily careful and prudent person would exercise under like circumstances. Among the decisions recognizing the pedestrian's duty of care for his own well-being is *Cioffari* v. *Blanchard,* 330 Mich 518. There a directed verdict in favor of the defendants was affirmed because plaintiff, while making proper observations of defendant's motor vehicle when it was some distance away, failed to make such further observations while endeavoring to cross in front of it as ordinary prudence required.

In *Ludwick* v. *Hendricks,* 335 Mich 633, after referring to the nature of the duties resting on a pedestrian undertaking to cross a street or highway, it was said with reference to the conduct of the plaintiff (pp 638, 639):

"Having discovered the oncoming vehicle, it is the pedestrian's duty to keep watch of its progress and to exercise reasonable care and caution to avoid being struck by it. The accident in the instant case took place on a rainy, freezing night. Visibility conditions were poor and according to plaintiff's testimony he saw defendants' car approaching without headlights. It, therefore, also became his duty to proceed with caution. Plaintiff nevertheless walked out in front of the approaching vehicle and failed to discover his peril until the car was within a couple of car lengths of him. Such was not the

conduct of a reasonably prudent man under the circumstances.

"Under the testimony presented the only reasonable conclusions that can be reached are:  (1) That plaintiff saw the car, but failed to make proper observations while crossing, or  (2) that he made proper observations while crossing but was heedless of obvious danger until it was too late to escape injury.  Under either conclusion, viewing the testimony in the light most favorable to plaintiff, he was guilty of contributory negligence as a matter of law. See, also, *Ayers* v. *Andary,* 301 Mich 418; *Schillinger* v. *Wyman,* 331 Mich 160."

In accordance with the conclusion indicated in the language quoted, judgment in favor of defendants was affirmed.  A like conclusion was reached in *Denman* v. *Youngblood,* 337 Mich 383.  See, also, *McKenzie* v. *Sternicki,* 338 Mich 487.  Each case of this nature must be determined with reference to the particular facts involved.  In *Greenberg* v. *Greenberg,* 337 Mich 390, and likewise in *Rutledge* v. *Gillespie,* 338 Mich 335, to which counsel for appellants have called attention, there was testimony indicating that the defendant driver had, in each instance, altered his course immediately before the accident occurred.  Other cases of similar character were referred to and differentiated in *McKenzie* v. *Sternicki, supra.*

In order to be entitled to recover damages in the instant case it was incumbent on the plaintiff to establish by his proofs, among other things, that he was free from negligence contributing to the accident in which he was injured.  This is, of course, a rule of general application to causes of action based on the theory of negligence.  In the final analysis the principles recognized as applicable to the conduct of a pedestrian injured while attempting to cross a street or highway mean that he must show

that he was exercising reasonable care for his own safety in view of the facts and circumstances existing at the time of the accident and immediately prior thereto, the care and caution, in other words, that a reasonably careful and prudent person would exercise under such circumstances. Such principles have been repeatedly applied to the drivers of automobiles, sustaining personal injury or property damage in traffic accidents and seeking to recover damages therefor from another on the theory of negligence. *Sonfilian* v. *Wiedman,* 291 Mich 697; *MacDonald* v. *Skornia,* 322 Mich 370; *Yackso* v. *Bokulich,* 333 Mich 412, and prior decisions therein cited.

Under the facts in the case at bar, as disclosed by the testimony of the plaintiff, the conclusion cannot be avoided that he was guilty of contributory negligence as a matter of law, and is, therefore, precluded from recovering damages. When he started across Woodward avenue he knew that cars were approaching from the north, with the nearest vehicle in the third lane for southbound traffic. He walked in an easterly direction without looking again toward the traffic that he knew was approaching, for a distance of 28 feet. There is nothing in the proofs to justify or excuse such neglect to exercise precaution for his own safety. Had he made even a casual observation he could not have failed to discover that the automobile of defendant was approaching and that it would endanger him if he undertook to cross the third lane of the west section of the highway at his then rate of speed. It is obvious that he might have avoided being injured by stopping before entering the third lane. It is also true that by accelerating his speed somewhat he might have crossed in safety in front of defendant's automobile. According to his testimony he discovered his peril when it was too late to avoid being injured.

The trial court was right in directing verdicts in favor of defendant, and the judgments entered thereon are affirmed.

Butzel, C. J., and Bushnell, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.