NIEWIADOMSKI *v.* CITY OF DETROIT.

1. STREET RAILWAYS—PEDESTRIANS—TRAFFIC LIGHT—CONTRIBUTORY
NEGLIGENCE—GREAT WEIGHT OF EVIDENCE.

Southbound pedestrian on east crosswalk of intersection who started across street when traffic light turned in her favor was not entitled to rely on the assumption that eastbound streetcar would stop and not strike her if she continued southward after the streetcar had entered the intersection and was crossing the 100-foot-wide street against the traffic light, since her conduct under such circumstances was not that of a reasonably prudent person; hence, jury's finding of no cause for action may not be said to be unsupported by or against the great weight of the evidence.

2. SAME — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — SUBSEQUENT
NEGLIGENCE—REQUESTS TO CHARGE.

The contributory negligence of southbound plaintiff pedestrian who started across east crosswalk as traffic light turned in her favor, continued to operate as a proximate cause to the time of impact with east bound streetcar which she claimed ran against the traffic light rendered her not entitled to requested instructions on the subject of subsequent negligence of defendant.

Appeal from Wayne; Brennan (John V.), J. Submitted January 5, 1955. (Docket No. 22, Calendar No. 46,176.) Decided March 9, 1955.

Case by Anna Niewiadomski against City of Detroit, a municipal corporation, department of street railways, and John Chester, for injuries sustained

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 190.
[2] 38 Am Jur, Negligence §§ 212, 213.

when struck by streetcar.  Verdict and judgment for defendants.  Plaintiff appeals.  Affirmed.

*Roman V. Ceglowski*, for plaintiff.

*Leo A. Sullivan* (*James S. Shields*, of counsel), for defendants.

Dethmers, J.  Plaintiff appeals from judgment for defendant entered on a jury verdict of no cause for action in her suit for damages resulting from injuries sustained when struck by a streetcar of defendant city.

Plaintiff stood at the northeast corner of an intersection and, when the traffic light was green in her favor, proceeded south on the east crosswalk.  She saw the streetcar approaching her from the west. After she had crossed tracks for westbound cars she came to the most northerly rail of the tracks for eastbound cars and was struck by the left front corner of the streetcar.  Her testimony concerning respective locations of herself and the streetcar when she made her first and subsequent observations of it and concerning how frequent or continued such observations were is so lacking in clarity that no definite conclusions in those respects can be drawn therefrom.  She did testify that when she saw the car coming she assumed that it would stop because the light was red against it.  Where she and the car were when or while she was relying on that assumption the testimony does not disclose.  Manifestly, the car crossed the entire intersection, 100 feet in width, before it struck her.  After it had entered the intersection but was still sufficiently distant from her to have permitted her to act to avoid injury there was no longer any justification for reliance on such an assumption.  At all events, such assumption would not excuse her from the duty of looking and

acting as a reasonably careful person on the basis of what was there to be seen. From the testimony it can only be concluded either that plaintiff failed to maintain a reasonable and proper lookout for the approaching car or that, seeing it, she proceeded heedlessly to the point of impact in utter disregard of what she saw and without taking reasonable care for her own safety, under circumstances that would have apprised an ordinarily careful, reasonable and prudent person that a collision was bound to occur. Such conduct has been held to constitute contributory negligence as a matter of law in *Malone* v. *Vining,* 313 Mich 315; *Boyd* v. *Maruski,* 321 Mich 71; *Cioffari* v. *Blanchard,* 330 Mich 518; *Denman* v. *Youngblood,* 337 Mich 383; *Erickson* v. *Vendzah,* 340 Mich 556; *Heger* v. *Meissner,* 340 Mich 586. Accordingly, it cannot be said that a finding, as a matter of fact, by the jury, if made, that plaintiff had failed to establish her freedom from contributory negligence, a prerequisite to her right to recover, was unsupported by or against the great weight of the evidence. We can only assume that the jury so found. Such contributory negligence, if it existed, continued to operate as a proximate cause to the time of impact. Hence, plaintiff was not entitled to requested instructions on the subject of subsequent negligence of defendant. *Davidson* v. *City of Detroit,* 307 Mich 420, and cases therein cited; *Dulemba* v. *Tribble,* 325 Mich 143.

Affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.

SMITH, J., took no part in the decision of this case.