WELLER *v.* MANCHA.

ON REHEARING.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

Testimony must be considered most favorably for the plaintiff on appeal from judgment for defendant notwithstanding verdict.

2. DEATH—PRESUMPTION OF DUE CARE—EVIDENCE—QUESTION FOR TRIER OF FACTS.

A jury question is presented in a death case, where direct or circumstantial evidence is presented as to decedent's conduct

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 887.
[2] 5A Am Jur, Automobiles and Highway Traffic §§ 923, 925.
[3] 5A Am Jur, Automobiles and Highway Traffic § 1028.
[4, 5] 3 Am Jur, Appeal and Error § 1218 *et seq.*

which has but a slight or inconclusive tendency to overcome the presumption of due care on the part of decedent.

3. AUTOMOBILES — INTERSECTIONS — DEATH — PRESUMPTION OF DUE CARE—EVIDENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
Evidence presented on issue of contributory negligence in action by administratrix of estate of eastbound motorist who received fatal injuries in a collision with defendant's gray southbound car in the southeast quadrant of intersection of 2 roads, neither of which was a through thoroughfare, where ground was snow-covered, *held*, for jury together with the presumption of due care on his part, under record presented.

4. NEW TRIAL—COMPROMISE VERDICT—INADEQUATE VERDICT.
A complete retrial of automobile accident case is ordered on plaintiff's appeal from judgment for defendant *non obstante veredicto*, entered after plaintiff had moved for a partial new trial limited to question of damages, where verdict for plaintiff, characterized by trial court as a compromise and grossly inadequate verdict, since it was in the exact amount of out-of-pocket expense for medical, hospital and funeral bills and damage to the car and without allowance for pain and suffering to 60-year-old man who died a few days after the accident, who had had a life expectancy of approximately 14 years, was earning $56 a week and had additional income from a farm and no consideration was given to loss of support of defendant widow and 13-year-old daughter.

5. SAME—SUPREME COURT. .
The Supreme Court possesses inherent power to order a new trial whenever it deems that the ends of justice so require.

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

Appeal from Kent; Searl (Fred N.), J. Submitted on rehearing April 18, 1958. (Docket No. 97, Calendar No. 47,140.) Decided July 15, 1958.

Case by Vera Marie Weller, administratrix of the estate of Ernest B. Weller, against George Mancha and Cesario Mancha under the death act for damages resulting from automobile collision. Verdict for plaintiff. Plaintiff moved for new trial limited to question of damages. Defendants moved for judgment. Judgment *non obstante veredicto* entered for

defendants. Plaintiff appeals. Reversed and re-
manded for complete retrial.

*Allaben, Davids & Massie (Sam F. Massie, Jr.,* of
counsel), for plaintiff.

*Luyendyk, Hainer, Hillman, Karr & Dutcher*
*(Douglas W. Hillman,* of counsel), for defendants.

KAVANAGH, J. This case was originally submitted
at the October, 1957, term of Court. On the 24th day
of December, 1957, the holding of the circuit judge
was sustained by a 4-4 decision (*Weller* v. *Mancha,*
351 Mich 50). Subsequently a motion for rehearing
was timely made. It was granted for presentation at
the present term of Court (April).

The facts with respect to this case are clearly and
adequately set out in the opinion written by Mr. Jus-
tice BLACK in the original opinion. I do not believe
that any good purpose would be served by a restate-
ment. I do believe appropriate, however, to point
out that Mr. Justice CARR, in his December opinion,
makes several assumptions with reference to the tes-
timony that are not supported in the briefs and
appendices, and which appear to be the basis for his
final legal conclusion.

First, he states that:

"The testimony in the case indicates that each
driver approached the intersection without consid-
ering possible traffic on the intersecting road."

There is no testimony which could lead anyone to
infer positively that plaintiff's decedent failed to
observe in the direction of the approaching Mancha
car.

Secondly, my Brother states:

"It is a fair inference also that the automobiles of the parties entered the intersection at approximately the same time."

The only testimony in this regard is the testimony of plaintiff's witness Bylsma, who indicated that plaintiff's decedent entered the intersection and passed practically by the imaginary center line of Tyrone road at the time of the impact. His testimony was further that plaintiff's decedent had slowed down from the speed he was driving when he passed the witness, and was driving not more than 30 miles per hour. The other testimony in the case indicated that the Mancha car had approached at a speed of at least between 45 and 50 miles per hour.

The third inference with respect to which I would like to comment is:

"The inference to be drawn from the proofs [that decedent looked or that the other car changed direction or speed] is that neither occurred. If Mr. Weller made the observations that due care required of him he was guilty of negligence as a matter of law in not acting accordingly for his own safety."

It seems to me that the first inference made by Mr. Justice Carr is only 1 of 3 fair inferences that might be drawn from the proofs, particularly since we are dealing with a motion for a directed verdict, and under such circumstances the testimony must be considered most favorably for the plaintiff. The second inference would be that plaintiff observed the approaching Mancha car and taking into consideration its speed formed an opinion that he would be able to pass the intersection in safety, considering that he had the right-of-way under the statute.* Certainly the question of whether or not such a deduction on his part was that of a reasonably prudent man under

* See CLS 1956, § 257.649 (Stat Ann 1955 Cum Supp § 9.2349).—Reporter.

the same or similar circumstances would be a question of fact for the jury to decide. The third inference that might be drawn from the proofs would be that he made the observation, but because of the gray color of the car, the snow on the ground, and other factors, including speed, failed to see the approaching Mancha car. The question of whether a reasonably prudent person would have failed to see the approaching Mancha car under similar circumstances would be a question of fact for the jury to decide.

The fourth assumption is based on the following:

"The testimony of plaintiff's witness, above mentioned, indicates that decedent neither decreased nor accelerated his speed, nor sought to turn to his right to avoid a collision with defendants' car."

I have searched in vain in the record to substantiate the portion of the above quote, which reads as follows:

"nor sought to turn to his right to avoid a collision with defendants' car."

Plaintiff's witness merely testified that he did not know whether he turned to the right or left, and that he did not observe him do so.

Without these assumptions, I do not believe that Mr. Justice CARR would have reached the conclusion that plaintiff's decedent was guilty of contributory negligence as a matter of law.

Although in view of the new amendment adding section 3a to Court Rule No 23,* changing the burden of proof with respect to contributory negligence, the number of cases in which the rule cited in *Schillinger* v. *Wyman,* 331 Mich 160, applies will be fewer in number, it would appear that under certain circumstances on defendant's motion for directed verdict,

---

* See 352 Mich xiv.—REPORTER.

made at the close of proofs in a death case, the motion assigning contributory negligence (proved to some extent in the defendant's case) as a ground for granting the motion, the question would arise: Should the presumption of due care be submitted to the jury along with the defendant's proof of contributory negligence, or should a verdict be directed on the motion? Even the rule established in *Schillinger* is entitled to proper burial, and it appears to this Court that the members of the bench and bar are entitled to know that it has been properly interred with its progeny—*Marchlewicz* v. *Morrisette,* 332 Mich 271; *Ludwick* v. *Hendricks,* 335 Mich 633; *Hoag* v. *Hyzy,* 339 Mich 163; *Erickson* v. *Vendzah,* 340 Mich 556; *Earley* v. *Sutherby,* 341 Mich 77; *Hett* v. *Duffy,* 346 Mich 456; *Detroit Automobile Inter-Insurance Exchange* v. *Powe,* 348 Mich 548; *Steger* v. *Blanchard,* 350 Mich 579.

Justice Voelker in the prevailing opinion on rehearing, filed June 12, 1958, in the case of *Steger* v. *Blanchard,* 353 Mich 140, has expressly overruled *Schillinger* v. *Wyman,* 331 Mich 160, and along with it its progeny, above mentioned, at least so far as it is in conflict with *Gillett* v. *Michigan United Traction Co.,* 205 Mich 410, and as restated by Justice Black's dissent in *Hett* v. *Duffy, supra.*

For these reasons, and the many others ably presented by Justice Black in his opinion, including the citations of authority, I believe the lower court erred in granting the *non obstante veredicto* judgment.

The trial court in its opinion on motions for judgment notwithstanding the verdict and plaintiff's motion for partial new trial indicated that the verdict was clearly the result of compromise; that such error taints the entire verdict and requires a new

trial as to all issues in the case. He concludes the opinion by saying:

"I assume that this case will probably reach the Supreme Court. In the event that that Court should reverse this decision, there will remain the question of a partial new trial. Inasmuch as, in the first instance, the granting of such a new trial is a question of discretion in the trial court I will indicate my opinion on that matter.

"The verdict here was in the exact amount of the out-of-pocket expense for medical, hospital and funeral bills and damage to the automobile, nothing was allowed for pain and suffering and nothing for loss of support.

"Decedent was 60 years of age, in good health and had an expectancy of approximately 14 years. He was earning $56 per week and had some additional income from a farm. He had a wife and a 13-year-old daughter who were dependent upon him. If a motion were made for a complete new trial the Court would have felt under obligation to have granted it on the ground that the verdict was the result of a compromise. *Zielinski* v. *Harris,* 289 Mich 381."

In the case of *St. John* v. *Nichols,* 331 Mich 148, in the words of Chief Justice DETHMERS, this Court said (p 158):

"This Court possesses inherent power, however, to order a new trial whenever it deems that the ends of justice so require."

I agree with the statement of the trial court in regard to possible new trial. The jury verdict was for the exact amount of the stipulated special damages of the deceased. It is apparent that no consideration was given by the jury to the additional elements of the pain and suffering of the deceased and the future damages of the widow and minor child, and, therefore, the damages awarded to plaintiff were

overwhelmingly against the evidence, and, under the evidence, grossly inadequate.

This case should be reversed and remanded for complete retrial. Costs to plaintiff.

SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred with KAVANAGH, J.

DETHMERS, C. J. (*dissenting*). I do not concur in reversal. The pertinent facts are fully and fairly stated in the opinion of Mr. Justice CARR, reported at 351 Mich 50, and for the reasons therein stated the judgment *non obstante veredicto* should, again, be affirmed. Mr. Justice KAVANAGH questions inferences in that opinion drawn from the testimony. Full examination of the record satisfies me that they were accurately and properly drawn, particularly in view of the testimony, unrefuted either by direct testimony or possible inferences, given by the only eyewitness to the collision, who, as plaintiff's witness, testified that the intersection was an open and very good one for a country road, with unobstructed vision in all directions for considerable distances: that while he was driving from 600 to 700 feet behind decedent's car he "distinctly" saw defendant's car "because" he "was watching the road;" that, at the time, he also saw decedent's car at the intersection, on its own side of the road; that he was observing decedent's car at the time and did not observe that it either accelerated, slowed down, or moved to one side or another, but did see that decedent "was practically going right straight ahead;" and that the front 10 feet of defendant's car was east and its rear 6 feet west of the intersection's imaginary north and south center line when struck on its left side by the front of defendant's car, which was then straddling the line.

The burden was on plaintiff to prove her decedent's freedom from contributory negligence. There is no direct proof or any other from which it may be inferred that he ever looked in the direction of defendant's approaching automobile. If the presumption be indulged that he did, the inescapable fact remains that, upon making such observation, he would or should have seen what plaintiff's witness, 600 or 700 feet further distant, testified that he "distinctly" saw, namely defendant's car, and that he then should have acted to avert the accident. Not only did plaintiff fail to prove that her decedent took such action, but the above-noted testimony establishes that he did not. Under the previous, well-reasoned opinions and decisions of this Court, many of them cited in Mr. Justice CARR's opinion, it must be held as a matter of law that plaintiff failed to prove decedent's freedom from contributory negligence and that any possible presumption in that respect is overcome by proofs to the contrary.

This case affords the opportunity for a Court with membership altered since our previous decision on December 24, 1957, to change the established law in Michigan on the subject, for which reason rehearing was granted. I am not persuaded that, either on the basis of sound legal reasoning, justice, or common sense, it ought to be changed. The rule that drivers of motor vehicles on highways must maintain reasonable and proper lookout and give heed to what is there to be seen, on pain of being held guilty of negligence as a matter of law for failure to do so, is valid and as essential to public safety today as when first announced.

The judgment below should be affirmed, with costs to defendant.

CARR and KELLY, JJ., concurred with DETHMERS, C. J.